

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

**ENTERED**
**12/02/2014**

| | | |
|---|---|---|
| IN RE: | § | |
| JORGE LUIS UVALLE, SR, LIZETT | § | CASE NO: 13-35910 |
| UVALLE | § | |
|    Debtor(s) | § | |
| | § | CHAPTER  13 |

## ORDER TO SHOW CAUSE

Nationstar Mortgage LLC must appear and show cause why it should not:

1. Be regulated with respect to the filing of Rule 3002.1 Notices of Postpetition Mortgage Fees, Expenses, and Charges;

2. Be enjoined from filing further proofs of claim that do not comply with Bankruptcy Local Rule 3001-1; and

3. Be ordered to compensate the Uvalles' counsel for the unjustified filing of Rule 3002.1 Notices in this case.

In this case, Nationstar has filed these Notices of Postpetition Mortgage Fees, Expenses and Charges:

| Date | ECF # | Date Incurred | Basis | Amount |
|---|---|---|---|---|
| March 13, 2014 | 39 | December 17, 2013 | Filing Fees and Court costs | $150.00 |
| | | October 9, 2013 | Appraisal/Broker's Price opinion fees | $95.00 |
| April 8, 2014 | 44 | March 11, 2014 | Attorney fees | $425.00 |
| September 25, 2014 | 55 | May 6, 2014 | Attorney fees | $225.00 |

In this case, Nationstar has filed these proofs of claim:

| Date | Claim # | Basis | Amount of Claim | Amount of Arrears |
|---|---|---|---|---|
| February 5, 2014 | 10 | Secured Home Mortgage Claim | $18,752.81 | $152.89 |
| February 5, 2014 | 11 | Secured Home Mortgage Claim | $58,873.66 | $0.00 |

The Uvalles objected to each of the Notices of Postpetition Mortgage Fees, Expenses and Charges.  Nationstar was given notice of the objection.  The Court set a hearing.  Nationstar was given notice of the hearing date.  Nationstar neither withdrew its Notices nor appeared at any of the three scheduled hearings.

Unlike a properly filed proof of claim, a Notice of Postpetition Mortgage Fees, Expenses and Charges does not carry any prima facie validity.  *Compare* Fed. R. Bankr. P. 3002.1(e) *with* Fed. R. Bankr. P. 3001(f).   The docket sheet does not reflect that Nationstar was making any substantive filings in the bankruptcy case.  It is puzzling that attorneys fees were incurred on March 11, 2014 or on May 6, 2014 when no substantive relief was being sought.  Furthermore, Nationstar never paid any filing fees in this Court, yet billed for filing fees allegedly incurred on December 17, 2013.

In reviewing the attorney's fee issue, the Court considered whether Nationstar might be attempting to charge attorney's fees for the filing of its two proofs of claim.  However, proof of claim #10 was not filed in accordance with BLR 3001-1.  No mortgage loan history was attached.  The Court questions whether an attorney who charged fees to review a proof of claim would not have assured even facial compliance with the rules.

Even without review by an attorney, Nationstar is required to comply with BLR 3001-1.  The Court has taken the opportunity to survey recent proofs of claim that have been filed by Nationstar.  Several do not comply with Local Rule 3001-1:

| Case Number | Proof of Claim Number |
|---|---|
| 14-33707 | 7 |
| 14-20239 | 2 |
| 14-20317 | 7 |
| 14-33164 | 1 |
| 14-80332 | 8 |
| 14-34230 | 11 |
| 14-10205 | 3 |

It appears that Nationstar has engaged in conduct that violates the local rules of this Court.

Nationstar's conduct serves to impose costs on others with no true benefit to Nationstar.

Accordingly, Nationstar Mortgage LLC must appear on December 18, 2014 at 4:00 p.m. and show why relief should not be entered against it.  The relief may include enjoining Nationstar from continued violations of the local rules, may include fee shifting, and may include restrictions on Nationstar's inappropriate filing of Rule 3002.1 Notices.

At the hearing, Nationstar must:

1.  Have a knowledgeable witness to testify about the matters set forth in this order.

2. Produce all invoices and documents that formed the basis of the Rule 3002.1 Notices filed in this case.

3. Produce all of its policies and procedures regarding the filing of Rule 3002.1 notices.

4. Produce all of its policies and procedures regarding compliance with the local rules of this district.

5. Produce all documents that reflect why Nationsstar files, but does not defend, Rule 3002.1 Notices.

6. Produce all documents that reflect why Nationstar does not comply with the local rules of this District.

The Court's Case Manager is to serve a copy of this Order on the following:

Nationstar Mortgage, LLC
c/o Weinstein, Pinson & Riley, P.S.
2001 Western Avenue, Suite 400
Seattle, WA 98121

Nationstar Mortgage LLC
bncmail@w-legal.com

Nationstar Mortgage LLC
Baylen.Laury@nationsmail.com

Nationstar Mortgage, LLC
P.O. Box 630267
Irving, TX 75063

Nationstar Mortgage LLC
Jamie.Holland@nationsmail.com

SIGNED **December 2, 2014.**

_____
Marvin Isgur
UNITED STATES BANKRUPTCY JUDGE